**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2005**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JOHN ALLEY,

      Petitioner-Appellant,

v.

JAMES JANECKA, Warden, Lea
County Correctional Facility, and THE
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 05-2093

(D.C. No. 04-881 WJ/RHS)
(D.N.M.)

ORDER

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

Petitioner John Alley, a New Mexico state prisoner appearing *pro se*, seeks

a certificate of appealability (COA) in order to challenge the district court's

dismissal of his 28 U.S.C. § 2254 habeas petition on statute of limitations

grounds.  Because we conclude jurists of reason would not find debatable the

district court's procedural dismissal of Alley's petition, Slack v. McDaniel, 529

U.S. 473, 478 (2000), we deny his application for a COA and dismiss this appeal.

I

Alley was convicted in a New Mexico state court of seven criminal counts

on March 10, 2001. The New Mexico Court of Appeals (NMCA) affirmed his convictions on February 11, 2002, and issued its mandate on March 26, 2002. On September 22, 2002, Alley submitted a petition for a writ of certiorari to the New Mexico Supreme Court (NMSC). One month later, on October 24, 2002, Alley submitted to the NMSC a motion to accept his petition as timely filed. On October 28, 2002, the NMSC denied Alley's petition and motion.

On January 10, 2003, Alley filed a petition for a writ of mandamus, requesting that his attorney be ordered to file a petition for writ of certiorari in the NMSC. The NMSC denied the petition for writ of mandamus on January 28, 2003. On April 29, 2003, Alley filed a petition for a writ of habeas corpus in the NMCA. The NMCA denied this petition on May 14, 2003. Alley then filed a petition for a writ of certiorari with the NMSC on June 2, 2003, which was denied on August 4, 2003. Alley filed a motion for reconsideration of his sentence in state district court on December 4, 2003, which was denied on December 10, 2003.

On August 4, 2004, Alley filed a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. Pursuant to the magistrate judge's recommendation, the district court dismissed the petition as untimely. The district court subsequently declined to grant Alley a COA. Accordingly, Alley has filed an application for COA with this court.

II

In order to receive a COA on a procedural issue, Alley must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. For the reasons discussed below, Alley cannot meet the second of these criteria.

Pursuant to 28 U.S.C. 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one year limitation period runs "from the latest of" the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The running of the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with

3

respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).

The government asserted below that Alley's one-year limitations period began to run on May 12, 2002. In turn, the government calculated the tolled period during the pendency of Alley's petition for writ of mandamus and state habeas corpus petitions to be approximately 115 days. The government excluded from its tolling calculation Alley's request to file an untimely writ of certiorari with the NMSC and his motion for reconsideration of his sentence. Assuming a mailing date of July 23, 2004, the government argued Alley filed his federal habeas petition approximately three hundred and twenty days beyond the expiration of the limitations period.

Responding to the government's argument, Alley argued that for seven months his counsel refused to file a petition for writ of certiorari with the NMSC. Alley indicated he did not become aware of his appellate counsel's failure to perfect his appeal until late July or early August 2002. He, therefore, argued this seven month time period should not be counted against him.

The magistrate judge determined that even if Alley's statute of limitations did not begin to run until January 28, 2003 (corresponding with the NMSC's denial of his request to compel his counsel to file a petition for certiorari), Alley's federal habeas petition was still untimely. According to the magistrate judge,

4

absent any tolling, Alley's federal habeas petition would had to have been filed by January 27, 2004 to be timely. The magistrate judge determined the pendency of Alley's state habeas petitions would have tolled the limitations period and extended the deadline approximately one hundred and twenty five days to May 30, 2004.[1] Thus, even assuming his habeas petition was mailed on July 23, 2004, Alley's federal habeas petition was untimely by almost two months.

In his application for COA, Alley notes the NMCA issued its opinion on February 11, 2002, but he was led to believe by his appellate counsel for approximately seven months and eight days that a petition for a writ of certiorari had been filed with the NMSC. He notes a public defenders' office and a disciplinary board concluded his counsel should have filed a timely petition for writ of certiorari with the NMSC. He, therefore, contends this period of seven months and eight days should not be counted against him.

The district court did not count this seven month and eight day time period against Alley. The magistrate judge assumed *arguendo* the correctness of Alley's position. As for the court's reference to Alley being three hundred twenty days late on filing his habeas petition, that was merely a recitation of the government's

---

[1] The magistrate judge did not include Alley's motion for reconsideration of his sentence because it was not properly filed. Even if this time period was added to the calculation, it would add little to the tolled time period as Alley filed the motion for reconsideration of his sentence on December 4, 2003, and the New Mexico state district court denied the motion on December 10, 2003.

5

argument, and not the court's determination.

The district court started the statute of limitations clock even later than the date proposed by Alley. The magistrate judge recommended and the district court adopted an analysis which concluded the statute of limitations did not begin to run until January 28, 2003, when the NMSC rejected Alley's request to compel his appellate counsel to file a writ of certiorari before the NMSC.

Alley insists his petition was filed within the one year statute of limitations period. Alley notes he filed multiple petitions and motions before the New Mexico state courts arguing his conviction was unconstitutional. The district court accounted for these multiple filings and still determined Alley's habeas petition was untimely. Alley fails to establish how the district court erred in this determination.[2]

Accordingly, the request for a COA is DENIED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2] In his application for COA, Alley complains that the district court failed to address the merits of the issues he raised in his habeas petition. The district court declined to address the merits because it found his habeas petition to be time-barred. Unless the district court erred in determining Alley's habeas petition was time-barred, the court did not err by declining to consider the merits of Alley's habeas petition.